IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

      Plaintiff,         ORDER

   v.            11-cr-14-bbc-01

ROBERT HASLAM,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Robert Haslam's supervised release was held on March 1, 2011, before U. S. District Judge Barbara B. Crabb. The government appeared by Assistant U. S. Attorney Laura A. Przybylinski Finn. Defendant was present in person and by counsel, Jeffrey W. Nichols.  Also present was U.S. Probation Officer Veronica K. Puccio.

From the record, I make the following findings of fact.

FACTS

Defendant was sentenced in the Northern District of Illinois on September 10, 2002, after pleading guilty to conspiracy to import a controlled substance, in violation of 21 U.S.C. §§ 952(a), 963 & 2.  This offense is a Class C felony.  Defendant was committed to the

custody of the Bureau of Prisons to serve a term of imprisonment of 70 months, with a 36-month term of supervised release to follow.  On June 29, 2006, an additional special condition of supervised release was added, requiring defendant to participate in outpatient substance abuse testing and treatment and prohibiting him from the use of alcohol and illicit drugs.  On March 4, 2009, jurisdiction over defendant's supervised release was transferred to the Central District of California.

On December 27, 2007, defendant began his term of supervised release in the Central District of California.  On August 16, 2009, a petition for a warrant alleging violations of supervised release was submitted to the court in the Central District of California and a warrant was issued.  At that time, defendant's whereabouts were unknown.  On August 4, 2010, a report was submitted to the court amending the August 16, 2009 petition for a warrant, to include additional allegations.  On January 24, 2011, jurisdiction was transferred back to the Western District of Wisconsin.

Defendant violated the special condition of supervised release requiring him to participate in outpatient substance abuse testing and treatment, and prohibiting him from alcohol consumption when he failed to report for group counseling on February 3, 2008; in early February 2008, when he consumed wine; and on June 27, July 26 and July 27, 2009, when he failed to report for drug testing.

On January 31, 2008, defendant violated Standard Condition No. 7, prohibiting him

2

from possessing, using, distributing or administering any controlled substance, when he submitted a urine specimen that tested positive for cocaine.

Defendant violated Standard Condition No. 2, requiring him to report to the probation officer and submit a truthful and complete written report within the first five days of each month, when he failed to submit written reports for the months of June and July 2009, and when he failed to report in person to the probation office on July 16, 2009, as instructed.

Defendant violated the mandatory condition prohibiting him from committing another federal, state or local crime, when in or about December 2007 through on or about November 17, 2008, he conspired to possess with intent to distribute and to distribute marijuana, as charged in count 1 of Western District of Wisconsin Case No. 10-cr-19-bbc-01.

Defendant's conduct falls into the category of a Grade A violation. Section 7B1.3(a)(1) of the advisory guidelines provides that the court shall revoke supervised release upon the finding of a Grade A violation.  18 U.S.C. § 3583(g) requires revocation of supervised release for possession of a controlled substance.

## CONCLUSIONS

Defendant's violations require revocation. Defendant's criminal history category is III;

with a Grade A violation, he has an advisory guideline term of imprisonment of 18 to 24

months.  The statutory maximum to which defendant can be sentenced upon revocation is

24 months, under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of

supervised release is revoked may not be required to serve more than two years if the offense

for which a defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing

Guidelines, I have selected a sentence at the top of the guideline range.  The purpose of this

sentence is to hold defendant accountable for his violations, to protect the community and

to provide a general and specific deterrence.


ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on

September 10, 2002, is REVOKED and defendant is committed to the custody of the Bureau

of Prisons for a term of 24 months' custody with no supervised release to follow.  Under

§7B1.3(f) of the advisory guidelines, twelve months of the sentence are to run consecutively

to the sentence imposed in Western District of Wisconsin Case No. 10-cr-19-bbc-01; twelve

months of the sentence are to run concurrently with the sentence imposed in 10-cr-19-bbc-

01.

4

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 1st day of March, 2011.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge